Dissenting Opinion.
Fenner, J.
I find it impossible to concur in the views of my colleagues on this question.
If nothing had been done by the applicant for rehearing,' cxccjft the simple filing of a petition defective in the requisites prescribed by Art. 912, C. P., doubtless this would not operate to suspend the finality of the judgment. Hut the order granted by us on bis motion, filed with his defective petition, and within the delay allowed by law, granting him further time to file a brief in support of Ms petition, was equivalent to the granting of an extension of time within which to file the reasons and authorities.
He could not justly be deprived of the benefit of this order on any other ground than that of its absolute nullity, by reason of our want of power to grant such an order.
If tin? question of power were an open one, much might be said in Kupportof the position now assumed by the Court.
But it is notorious that, from a period beyond the memory of the present generation of lawyers, it has been the frequent practice of this Court to receive such petitions and grant such orders, and to give them effect as suspending judgment, and to consider and pass upon applications for rehearing so made, precisely as if made in strict compliance with law. If no express adjudication is found upon the point, this is not, in my judgment-, attributable to the failure of the Court to notice such proceedings, but ratlier to tlie fact that nobody ever before doubted or questioned the power of the Court to grant such orders *646 upon such petitions, save in exceptional cases; the forms and delays prescribed by law, in judicial proceedings, are subject to judicial regulation and control on timely application.
This Court has constantly assumed and exercised such powers over the particular matter here presented. If, now, we conclude to reverse this practice, the obviously proper course would be simply to refuse to grant such orders upon such petitions, in the future, and to direct the clerk never to enter such order without first seeing that the petition conforms to the law as presently construed by us. But having granted the order, it seems to me that justice to attorneys and litigants requires that it should have the effect which it has always had under the practice of the Court.
As an illustration of my view, that Statutory mandates in such matters are not to be too technically enforced, I observe that tins following Article of the C. P. 913, reads as follows :
“The Court shall consider the reasons adduced in such petition, without argument, and if it grants a new hearing of the cause, shall state the points on which it wishes to hear the parties anew.”
This Court constantly grants rehearings without stating points. Are such orders nullities ?
I apt convinced the defendant in rule is protected by our order granted within the six judicial days, and, therefore, dissent from the opinion and order herein.